[Cite as *State v. Barker*, 2026-Ohio-1579.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-75 |
| Appellee | : | |
| | : | Trial Court Case No. 23 CR 0201 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| COURTNEY BARKER | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 1, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

LEWIS, P.J., and HANSEMAN, J., concur.

COURTNEY BARKER, Appellant, Pro Se
JOHN M. LINTZ, Attorney for Appellee

TUCKER, J.

{¶ 1} Defendant-appellant Courtney Barker appeals pro se from his conviction in the Clark County Common Pleas Court of rape. For the reasons that follow, we affirm the judgment of the trial court.

## I. Factual and Procedural Background

{¶ 2} In April 2023, Barker was indicted on one count of rape (child less than 13 years of age) in violation of R.C. 2907.02(A)(1)(b). On May 11, 2023, following the appointment of counsel, Barker filed a pleading in which he "enter[ed] a plea of not guilty and not guilty by reason of insanity." The pleading requested forensic evaluations of Barker's sanity at the time of the offenses and his competency to stand trial. The trial court ordered the requested evaluations.

{¶ 3} On May 26, 2023, the parties appeared before the trial court and indicated that they had reached a plea agreement. Under the agreement, Barker agreed to plead guilty to the indicted charge with the understanding that the trial court was required to impose an indefinite sentence of 10 years to life in prison and that Barker would be designated a Tier III sex offender. In exchange for the plea, the State agreed it would not indict Barker on additional charges involving the same victim. Barker informed the court he was withdrawing his plea of not guilty by reason of insanity ("NGRI") and his request for a competency evaluation. Following a Crim.R. 11 plea colloquy, the trial court accepted Barker's guilty plea

and found him guilty of rape. The trial court imposed an indefinite sentence of 10 years to life in prison and designated Barker as a Tier III sex offender.

{¶ 4} In September 2024, Barker filed a notice of appeal seeking a delayed appeal. This court denied the motion and dismissed the appeal.

{¶ 5} On June 17, 2025, Barker filed a pro se motion to withdraw his guilty plea. The trial court denied the motion. On August 7, 2025, Barker filed a pro se motion for leave to file a motion to withdraw his guilty plea. The trial court permitted the filing of the motion to withdraw but ultimately denied the request to withdraw the plea. Barker filed a motion for reconsideration, which was also denied by the trial court. On October 16, 2025, Barker filed a motion for delayed appeal, which this court granted.

## II. Withdrawal of Guilty Plea

{¶ 6} Barker asserts the following two assignments of error on appeal:

Trial court erred when it denied Barker's motion for leave to file a late motion to withdraw his guilty plea pursuant to Crim. R. 32.1.

Trail Counsel was deficient in his performance when he failed to investigate his client's case and gave bad advice purposefully to get his case out of his way.

{¶ 7} Barker contends the trial court erred in denying his post-sentence motion to withdraw his guilty plea. In support, he claims the trial court committed pre-trial error by accepting his guilty plea without first requiring him to withdraw his not guilty by reason of insanity plea. At the same time, Barker claims the "court had a duty to affirmatively show some explanation for the subsequent withdrawal [of the NGRI plea]." Barker also argues that trial counsel rendered ineffective assistance of counsel because he acted as "an agent of the State" by informing him that the prosecutor had made a statement to the effect that if

Barker failed to accept the plea agreement, he would be given "(15) life sentences." He also asserts that trial counsel failed to investigate his case before counseling him to accept a plea deal.

{¶ 8} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In the context of a post-sentence motion to withdraw a guilty plea, "[t]he term injustice is defined as 'the withholding or denial of justice. In law, the term is almost invariably applied to the act, fault, or omission of a court, as distinguished from that of an individual.'" (Emphasis deleted.) *State v. Hartzell*, 1999 WL 957746, *2 (2d Dist.), quoting *Black's Law Dictionary* (5th Ed. 1979). "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *Id.* "The manifest injustice standard demands a showing of extraordinary circumstances." *State v. Wheeler*, 2002 WL 91304, *1 (2d Dist. Jan. 25, 2002).

{¶ 9} We review the trial court's decision denying a post-sentence motion to withdraw a guilty plea for abuse of discretion. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. An abuse of discretion occurs when the decision of the trial court demonstrates "an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

4

{¶ 10} Barker was represented by competent trial counsel. Further, the trial court conducted a full Crim.R. 11 plea hearing prior to accepting the guilty plea. At the plea hearing, the trial court discussed the nature of the rape charge, the maximum possible penalty, the effect of entering a guilty plea, and the rights Barker was waiving by pleading guilty. Barker indicated that he understood all these rights and indicated that his plea was being entered voluntarily.

{¶ 11} The record does not establish that Barker had a reasonable, legitimate basis to withdraw his plea. As stated, Barker claims that the trial court erred by not requiring the withdrawal of the NGRI plea prior to the entry of the guilty plea. The record demonstrates that the NGRI plea and the motion for a competency evaluation were withdrawn prior to the entry of the guilty plea in open court in Barker's presence. This argument lacks merit. Barker simultaneously argues the trial court erred by failing to "affirmatively show some explanation for" the withdrawal of the NGRI plea. He cites no authority, and we have found no basis, for the claim that the trial court had a duty to explain the withdrawal of the NGRI plea. This argument also lacks merit.

{¶ 12} We likewise find no merit in Barker's ineffective assistance of counsel claim that trial counsel acted as an agent for the State and intimidated or coerced him into accepting the negotiated plea by informing him of a purported statement by the prosecutor inferring that Barker would "get (15) life sentences" if he failed to accept the plea deal. At most, Barker alleges trial counsel informed him of a statement made to counsel by the prosecutor. We fail to discern how this turned counsel into an "agent" for the State. Indeed, had counsel failed to inform Barker of the statement and then proceeded to trial on the matter, it seems that Barker could have argued that counsel was ineffective. We conclude that defense counsel's relay to Barker of a statement made by the prosecutor, without more,

5

cannot support a claim that counsel intimidated Barker and coerced him into entering a plea. Thus, we find no deficient performance by counsel.

{¶ 13} We also note the record is devoid of any evidence that counsel failed to investigate the case. Other than Barker's broad assertion that counsel did not investigate, he fails to state the basis for this claim. He does not set forth any evidence or facts that counsel overlooked.

{¶ 14} Because we find no merit to Barker's arguments, and certainly no showing of a manifest injustice, we conclude the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea. Accordingly, the first and second assignments of error are overruled.

### III. Conclusion

{¶ 15} Having overruled Barker's assignments of error, the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HANSEMAN, J., concur.